1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MIGUEL RODRIGUEZ<br><br>           Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY<br>JAIL MEDICAL STAFF,<br><br>          Defendant. | Case No. CV 14-7962-VBF (KK)<br><br>**ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND** |

**I.**

**<u>INTRODUCTION</u>**

Plaintiff Fernando Miguel Rodriguez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. section 1983 against the Los Angeles County Jail Medical Staff ("Complaint").  Docket No. 6.  Plaintiff is an inmate at the Los Angeles County Jail who alleges the medical staff has been deliberately indifferent to his medical needs.  <u>Id.</u>

On October 21, 2014, the Court issued an order directing service of process by the United States Marshal and directing Plaintiff to complete Form USM-285

1

providing the name and address for the defendant to be served.  Docket Nos. 4 and 5.

On November 5, 2014, Plaintiff filed a Notice of Submission of Service Documents to the Clerk of Court listing the defendant as "Los Angeles County Medical Staff."  Docket No. 9.  On December 23, 2014, the Court received the process receipt and return unexecuted with the note: "per civil litigation at the LASD, service cannot be accepted as it is listed on the federal order.  There is no such entity as the 'Los Angeles County Jail Medical Staff,' therefore it will not be accepted."  Docket No. 16.

Thus, because service cannot be completed without additional information identifying the defendant, the Complaint must be dismissed.  However, the Court will permit leave to amend to permit Plaintiff an opportunity to provide (1) specific identifying information regarding the defendant(s) against whom he wishes to proceed, and (2) facts sufficient to state a claim against each defendant(s) against whom he wishes to proceed.

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1996 obligates the court to review complaints filed by all persons proceeding *in forma pauperis*, and by all prisoners seeking redress from government entities.  See 28 U.S.C. §§ 1915(e)(2), 1915A.  Under these provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other *in forma pauperis* complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune.  Id., see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a

2

1  cognizable legal theory or the absence of sufficient facts alleged under a

2  cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

3  (9th Cir. 1990).  In making such a determination, a complaint's allegations must be

4  accepted as true and construed in the light most favorable to the plaintiff.  Love v.

5  United States, 915 F.2d 1242, 1245 (9th Cir. 1990).  Further, because Plaintiff is

6  appearing *pro se*, the court must construe the allegations of the complaint liberally

7  and must afford Plaintiff the benefit of any doubt.  Karim-Panahi v. L.A. Police

8  Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  But the "[f]actual allegations must be

9  enough to raise a right to relief above the speculative level." Bell Atl. Corp. v.

10  Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Thus, a

11  complaint must contain "enough facts to state a claim to relief that is plausible on

12  its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads

13  enough factual content that allows the court to draw the reasonable inference that

14  the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.

15  662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**III.**

**DISCUSSION**

18      Prisoners can establish an Eighth Amendment violation with respect to

19  medical care if they can prove there has been deliberate indifference to their

20  serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L.

21  Ed. 2d 251 (1976);  Toussaint v. McCarthy, 801 F.2d 1080, 1112 (9th Cir. 1986),

22  cert. denied, 481 U.S. 1069, 107 S. Ct. 2462, 95 L. Ed. 2d 871 (1987).  Prison

23  officials are deliberately indifferent to a prisoner's serious medical needs when they

24  "deny, delay, or intentionally interfere with medical treatment." Hutchinson v.

25  United States, 838 F.2d 390, 394 (9th Cir.1984).

26      A defendant is liable for the denial or delay of medical care for a prisoner's

28                                3

1  serious medical needs only when the defendant is deliberately indifferent to the

2  prisoner's known serious medical needs.  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th

3  Cir. 2006).  The test for deliberate indifference contains two parts.  First, the

4  plaintiff must show a serious medical need by demonstrating that failure to treat a

5  prisoner's condition could result in further significant injury or the unnecessary and

6  wanton infliction of pain.  <u>Id.</u>  Second, the plaintiff must show the defendant's

7  response to the need was deliberately indifferent.  <u>Id.</u>  To satisfy this second part,

8  plaintiff must show (a) a purposeful act or failure to respond to a prisoner's pain or

9  possible medical need and (b) harm caused by such indifference.  <u>Id.</u>

10  In addition, "a person deprives another of a constitutional right, within the

11  meaning of section 1983, if he does an affirmative act, participates in another's

12  affirmative acts, or omits to perform an act which he is legally required to do that

13  causes the deprivation of which [the plaintiff complains]."  <u>Johnson v. Duffy</u>, 588

14  F.2d 740, 743 (9th Cir. 1978).  In short, "there must be a showing of personal

15  participation in the alleged rights deprivation . . . ."  <u>Jones v. Williams</u>, 297 F.3d

16  930, 934 (9th Cir. 2002) (citation omitted).  <u>See</u> <u>also</u> <u>Taylor v. List</u>, 880 F.2d 1040,

17  1045 (9th Cir. 2013) ("Liability under section 1983 arises only upon a showing of

18  personal participation by the defendant.").

19  Here, Plaintiff has named the Los Angeles County Jail Medical Staff as the

20  sole defendant.  As evidenced by the unexecuted summons that has been returned,

21  Plaintiff cannot proceed against this defendant.  The Los Angeles County Jail

22  Medical staff is simply an administrative creation of the Los Angeles County Jail

23  and is, thus, not a "person" amenable to suit pursuant to section 1983.

24  Accordingly, the Complaint must be dismissed.

25  If Plaintiff wishes to proceed with this action, he must identify specific

26  named defendants or provide specific identifying information regarding the

27

28  4

persons whom he alleges are responsible for the alleged violation of his

constitutional rights.  Plaintiff must further allege facts sufficient to state a claim –

he must allege sufficient facts that each defendant (1) had specific knowledge

about his medical needs, and (2) acted with deliberate indifference to his known

medical needs.  Plaintiff must allege sufficient facts establishing either personal

involvement by the defendant or a direct causal connection between his actions and

the constitutional violations Plaintiff is attempting to assert.  Plaintiff cannot rely

on general allegations and conclusions regarding a defendant.  Plaintiff must allege

specific facts showing what each defendant personally did or did not do, when and

where, and how his action or inaction directly caused a violation of Plaintiff's civil

rights.

## IV.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

Accordingly, **IT IS ORDERED THAT**:

1) Plaintiff shall have up to and including **January 30, 2015**, to file a First Amended Complaint to attempt to cure the deficiencies discussed above.  The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which plaintiff is encouraged to utilize.

2) If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  The First Amended Complaint must be complete in and of itself, without reference to the original complaint

or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

DATED: January 9, 2015

_____
HON. KENLY KIYA KATO
United States Magistrate Judge

6